ROBERTSON ET AL. *v.* BURNETT ET AL.

[No. 12,616.   Filed February 4, 1927.   Rehearing denied April 22, 1927.]

1.   WILLS.—*Primary purpose of construing will to ascertain testator's intention.*—The primary purpose of construing a will is to ascertain the intention of the testator as it appears from a consideration of the entire will.   p. 91.

2.   WILLS.—*Testator's intention must be given effect.*—The testator's intention, as ascertained from the entire will, must be given effect, unless it is in violation of some established principle of law.   p. 91.

3.   WILLS.—*Bequest to "nephews and nieces" may include grandnephews and grandnieces.*—A residuary bequest to the testa-

tor's "nephews and nieces" will be construed to include grandnephews and grandnieces where a particular grandniece was excluded from the bequest, as such exclusion indicates an intent that other grandnephews and grandnieces should be included. p. 91.

4. WILLS.—Will providing that the proceeds of certain property be divided "equally" between testator's nephews and nieces indicates that they are to take *per capita* and not *per stirpes.* p. 92.

From Sullivan Circuit Court; *Arthur E. DeBaun,* Judge.

Action by the executor of the will of James O'Haver against Jennie Robertson and others to construe said will. From the judgment rendered, Jennie Robertson and others appeal. *Affirmed.* By the court in banc.

*Will H. Hays, Hinkle C. Hays, Alonzo C. Owens, W. Paul Stratton, John S. Taylor, William H. Bridwell* and *George W. Buff,* for appellants.

*Charles D. Hunt,* for appellees.

NICHOLS, J.—Action to construe the will of James O'Haver, deceased. The complaint was filed by the executor, who is now standing by, ready to follow the court's construction. The particular question involved is whether, under item 4 of such will, the grandnieces and grandnephews of testator by birth, whose father or mother, as the case may be, predeceased testator, share in the residue of the estate along with the nieces and nephews surviving the testator, and the further question whether, if they do so share under item 4, the beneficiaries take *per stirpes* or *per capita.*

The court by its judgment construed the will to mean that it was the intention of the testator by item 4 of his will to give the residue of his estate to his nieces and nephews by birth and to those of his grandnieces and grandnephews by birth, who were children of deceased nieces and nephews by birth, except his grandniece Mrs.

James Sinclair, who was given a special bequest in item 3 of said will; that said nieces and nephews and grand-nieces and grandnephews, except Mrs. James Sinclair, should share equally in the residue of said estate under item 4, and that the said legatees all take *per capita* and not *per stirpes.* From this judgment, the nephews and nieces appeal.

By item 3 of such will, the testator bequeathed to Mrs. James M. Sinclair, who was one of his grand-nieces, the sum of five dollars in cash, the same to be her full share of his estate.

. Item 4 reads as follows: "I hereby direct that all the property, both real and personal, of which I shall die seized or possessed be sold by my executor herein-after named upon such terms as he may approve and as soon as the same can be done without sacrifice, and the entire proceeds, after the payment of items one, two and three of this will be divided equally between my nephews and nieces, by birth, except Mrs. James Sinclair, heretofore named in item three of this will."

It is a well-established rule of law that the primary purpose of courts in construing wills is to ascertain the intention of the testator as the same appears 1, 2. from a consideration of the entire will, and when such intention is determined, it must be given effect if it can be done without the violation of some established principle of law.

It is undisputed that Mrs. James M. Sinclair, legatee under item 3 of the will, was a grandniece of the testa-tor. Under item 4 of the will, it appears that 3. the testator directed that the residue of his es-tate be "divided equally between my nephews and nieces, by birth, except Mrs. James Sinclair hereto-fore named in item 3 of this will." When, by item 4 of the will, the testator gave his estate to his nephews and nieces except Mrs. Sinclair, it thereby appears that

he did not intend to discriminate between nephews and nieces and grand-nephews and grand-nieces, otherwise there could have been no purpose whatever in excepting Mrs. Sinclair from the provisions of such item 4. "Nephews and nieces" will be construed to include also grand-nephews and grand-nieces when it is apparent from the provisions of the will that the testator so intended. *Benton* v. *Benton* (1889), 66 N. H. 169, 26 Atl. 365.

It is clear, from the language of such item 4,

4.   that the legatees thereunder take *per capita* and not *per stirpes*.

The court did not err in its construction.

Judgment affirmed.

Dausman, J., absent.